IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-387-FL

| | | |
|---|---|---|
| MICHAEL ARTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 18, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the M&R, grants plaintiff's motion, denies defendant's motion, and remands to defendant for further proceedings.

## BACKGROUND

On March 25, 2014, plaintiff protectively filed both an application for period of disability and disability insurance benefits and an application for supplemental security income, alleging in both applications disability beginning December 13, 2013. The applications were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a April 20, 2016, hearing, denied plaintiff's claims by decision entered June 17, 2016. Following the ALJ's denial of his application, plaintiff timely filed a request for review, and

the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on August 3, 2017, seeking review of defendant's decision.

**COURT'S DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 13, 2013. At step two, the ALJ found that plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease; obesity; diabetes mellitus; and right knee chondromalacia. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level with the following limitations: plaintiff must be able to stand for five minutes after sitting for one hour and sit for five minutes after standing and/or walking for 30 minutes; he can frequently push/pull and operate foot controls with the right lower extremity, occasionally climb ramps or stairs, occasionally climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl, frequently reach and reach overhead bilaterally, and frequently handle objects and finger with the right upper extremity; he can have occasional exposure to unprotected heights, hazardous machinery or hazardous moving mechanical parts; and he would he off task no more than 10-percent of the time in an eight-hour workday, in addition to normal breaks (with normal breaks defined as a 15 minute morning and afternoon break and a 30 minute lunch break).

At step four, the ALJ concluded plaintiff is unable to perform past relevant work, but in considering plaintiff's age, education, work experience, and RFC, determined there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.    Analysis

Plaintiff argues the ALJ failed to properly assess plaintiff's spinal impairment under Listing 1.04. See 20 C.F.R. Part 404, Subpart P, App'x 1, 1.04 ("Listing 1.04"). Upon de novo review of plaintiff's objections, the court agrees that remand is required for this reason.

The regulations provide a "Listing of Impairments," organized by major body systems, that are deemed sufficiently severe to prevent a person from engaging in any gainful activity, regardless of age, education, or work experience. See 20 C.F.R. §§ 404.1525(a); 416.925(a). Each impairment is defined by medical signs, symptoms, or test results. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). If a claimant's impairments meet or equal the medical criteria of a listing, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d); 416.920(d). The burden of proof is on the claimant to demonstrate satisfaction of all specified medical criteria. Sullivan, 493 U.S. at 530. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id.

Listing 1.04 applies to disorders of the spine. A claimant is entitled to a conclusive presumption of disability upon a showing that this disorder results in "compromise of a nerve root or the spinal cord." Radford, 734 F.3d at 291 (citing Listing 1.04). The listing further describes the criteria a claimant must meet or equal to merit this conclusive presumption of disability:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or
C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

Listing 1.04. An "inability to ambulate effectively" requires "the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." Id. § 1.00B(2)(b).

The Fourth Circuit has held that where a claimant has a severe impairment and the record contains evidence that symptoms related to the impairment "correspond to some or all of the requirements of the listing," the ALJ must identify the relevant listed impairments and "compare[] each of the listed criteria to the evidence of [plaintiff's] symptoms." Cook v. Heckler, 783 F.2d 1168, 1172-73 (4th Cir. 1986). A lack of adequate explanation in step three, however, does not necessitate remand if an ALJ sufficiently explains his conclusions elsewhere. See, e.g., Johnson v. Astrue, No. 5:08-CV-515-FL, 2009 WL 3648551, at *2 (E.D.N.C. Nov. 3, 2009) ("Meaningful review may be possible even absent the explicit step-by-step analysis set out in Cook where the ALJ discusses in detail the evidence presented and adequately explains his consideration thereof.").

However, where no adequate explanation is provided, remand is necessary. In Radford, the Fourth Circuit found insufficient an ALJ's explanation as to why the claimant did not meet Listing 1.04A. 734 F.3d at 290. There, the only basis that the ALJ provided for concluding that claimant did not meet the applicable listing was a statement that the ALJ had "'considered, in particular,' the listing[ ] . . . and had noted that state medical examiners had also 'concluded after reviewing the evidence that no listing [was] met or equaled.'" Id. at 292. The court found the ALJ's decision "devoid of reasoning," noting that "[a] full explanation by the ALJ is particularly important in this case because [the claimant's] medical record includes a fair amount of evidence supportive of his

claim" and further noting that "there is probative evidence strongly suggesting that [the claimant] meets or equals Listing 1.04A." Id. at 295. Because the ALJ's analysis of Listing 1.04A was insufficient, the court found it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." Id.; see also Fox v. Colvin, 632 F. App'x 750, 755-56 (4th Cir. 2015) (vacating and remanding district court order where magistrate judge and district court "engaged in an analysis that the ALJ should have done in the first instance," finding substantial evidence elsewhere in the record regarding whether a plaintiff met Listing 11.14 for peripheral neuropathy, and stating "we emphasized [in Radford] that it was 'not our province—nor the province of the district court—to engage in these [fact-finding] exercises in the first instance.'").

Here, the ALJ stated as follows regarding Listing 1.04:

The undersigned has considered whether the claimant's lumbar and cervical degenerative disc disease meets or medically equals the requirements of Listing 1.04 of the Listing of Impairments. The claimant's lumbar disc disease does not meet the Listing, because there is no evidence that it is characterized by nerve root compression, spinal araclmoiditis, or lumbar or cervical spinal stenosis.

(Tr. at 16). No further discussion of this Listing is contained in the decision.

Plaintiff argues that although the magistrate judge and defendant in her brief provided rationale for why the evidence may not support a finding that plaintiff did not meet Listing 1.04, "the proper person to provide this rationale was the ALJ." (DE 23 at 3). Plaintiff points to two MRIs conducted on December 27, 2013, and April 13, 2016, arguing that these provide direct evidence of spinal stenosis, in the case of the former MRI, and nerve root compression, in the case of the latter. (DE 19 at 8). Plaintiff additionally argues that the ALJ failed to both acknowledge the results of the MRIs as evidence in his evaluation of Listing 1.04 and "throughout the entirety of his decision." (Id. at 8-9).

Turning to the record, on December 27, 2013, a cervical spine MRI revealed "diffuse cervical spondylosis with varying degrees of foraminal stenosis, most significant at C5-6 where a central and right paracentral disc herniation caused bilateral foraminal stenosis, right greater than left." (Tr. at 293). It was also noted that "[t]his causes narrowing of the AP diameter of the canal and abuts the cervical cord." (Id. (emphasis added)). Additionally, a lumbar spine MRI dated April 13, 2016 revealed "[m]ultilevel degenerative disc disease and facet arthropathy, most notable at L5-S1 where there is a right foraminal lateral disc protrusion with some mass effect upon the exiting nerve root," with "[r]ight greater than left foraminal stenosis . . . at L5-S1." (Id. at 368 (emphasis added)).[1]

In his decision, the ALJ's evaluation of this evidence, in its entirety, consists of the following:

> An MRI of his cervical spine showed evidence of diffuse cervical spondylosis with a varying degree of foraminal stenosis with the most significant finding at C5-6, where there was a central and right paracentral disc herniation causing bilateral foraminal stenosis.

(Tr. at 19). The ALJ does not address the further finding from the December 27, 2013 MRI that there was stenosis of the spinal canal and abutting of the spinal cord, and the ALJ failed to acknowledge the imaging results from the April 13, 2016 MRI in his decision in any form.

Here, the MRIs provide conflicting medical evidence in the record that the ALJ failed to explain in step three of the analysis or elsewhere in the decision. Nothing indicates whether the ALJ considered this evidence beyond a brief but partial summary of the results of one of the MRIs. On

---

[1] Regarding Listing 1.04A for nerve root compression, the record additionally contains evidence of plaintiff's reduced range of motion, (Tr. at 280, 297-98), decreased sensory results, (id. at 293, 303, 348), and positive results for straight leg test on the right side (id. at 358). See also id. at 308 ("The patient's symptoms are consistent with neck pain with right upper extremity radiculopathy in the C6 distribution with associated sensorimotor deficit.").

these facts, there exists "a fair amount of evidence[,]" <u>Radford</u>, 734 F.3d at 295, that plaintiff

exhibited the symptoms which Listing 1.04 associates in its text with nerve root compression and

stenosis. Where the ALJ did not discuss whether "mass effect upon the exiting nerve root"is

synonymous with or may imply "nerve root compression," as that term is used in Listing 1.04A and

where the ALJ did not discuss whether "narrowing of the AP diameter of the canal and abuts the

cervical cord" is synonymous with or may imply "stenosis," as that term is used in Listing 1.04C,

the "ALJ fails to discuss relevant evidence that weighs against his decision[,]" <u>Ivey v. Barnhart</u>, 393

F.Supp.2d 387, 390 (E.D.N.C. 2005), and fails to describe expressly what reasoning led to

conclusion that such evidence does not require a finding that plaintiff meets or equals Listing 1.04,

<u>see</u> <u>Monroe</u>, 826 F.3d at 189. <u>See</u> <u>Stokes v. Berryhill</u>, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018)

(holding same). These gaps in the ALJ's reasoning require remand for further consideration. <u>See</u>

<u>Monroe</u>, 826 F.3d at 189.[2]

Accordingly, the case is remanded for the ALJ to determine whether plaintiff meets or equals

the Listing 1.04 and to explain how the evidence on the record as a whole, including the December

27, 2013 and April 13, 2016 MRIs, supports the decision.[3]

---

[2] The magistrate judge turned to defendant's argument that abutment differs from compression and the definitions of herniated disc as found in Stedman's Medical Dictionary and www.herniated-disc-pan.org, to conclude that plaintiff had failed to establish nerve root compression as required for Listing 1.04A. (DE 22 at 14-15; <u>see also</u> <u>id.</u> at 13 ("Although lacking more detail about the presence, or absence, of the additional medical evidence required under Listing 1.04, ALJ Brockington thoroughly analyzed Artis's medical record.")). However, it is the ALJ, not the court, who has the responsibility to make these findings of fact and resolve these evidentiary conflicts. <u>See</u> <u>Radford</u>, 734 F.3d at 290.

[3] Plaintiff additionally objects to the magistrate judge's recommendation finding that the ALJ properly evaluated plaintiff's treating physician's opinion that, among other opinions, plaintiff is incapable of even a low stress job. (Tr. at 362). In light of the court's determination in the text above, where additional proceedings on remand may impact assessment of opinions of other physicians, the court does not adopt the M&R's analysis as to this issue, but rather leaves this issue for assessment by defendant in conjunction with all the evidence in the record, including the December 27, 2013 and April 13, 2016 MRIs.

**CONCLUSION**

Based on the foregoing, and upon de novo review of the administrative record, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion for judgment on the pleadings, (DE 18), DENIES defendant's motion for judgment on the pleadings, (DE 20), and REMANDS this matter to defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with this order. The clerk is DIRECTED to close this case.

SO ORDERED this the 30th day of July, 2018.


_____
LOUISE W. FLANAGAN
United States District Judge